**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LA VEEDA GARLINGTON, <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY, <br><br> Defendant. | Civil Action No. 13-1840 <br><br> Judge Beryl A. Howell |

**MEMORANDUM OPINION**

Although the disposition of claims on the merits is favored, when the plaintiff fails to prosecute a case by not serving the complaint in a timely manner under applicable Federal Rules of Civil Procedure, or otherwise fails to comply with a court order, the Court has the "inherent power to dismiss a case *sua sponte*." *Peterson v. Archstone Cmtys. LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)); *see also* FED. R. CIV. P. 41(b); D.D.C. Local Rule 83.23. As the following procedural background makes clear, the exercise of this "inherent power" is warranted in this case.

The plaintiff filed her complaint on November 20, 2013, Compl. ECF No. 1, and proof of service was due within 120 days, by March 20, 2014, *see* FED. R. CIV. P. 4(m). The day before that due date, rather than file proof of service, the plaintiff moved for a 45 day extension of time to serve the Complaint "thereby affording sufficient time for Plaintiff to file" an amended complaint. Pl.'s Mot. Ext. Time Serve Compl., ECF No. 4. The Court granted the plaintiff's motion and directed her to file proof of service by May 5, 2014. *See* March 21, 2014 Minute Order. In addition, the Court granted the plaintiff's motion for a CM/ECF password to facilitate the electronic filing of documents with the Court. *Id.*

1

The plaintiff did not file proof of service by the extension date of May 5, 2014, or request a second extension of time to do so. Consequently, the Court ordered the plaintiff to show cause why this action should not be dismissed for failure to prosecute. *See* Order to Show Cause, ECF No. 5. The Court explained that absent timely proof of service, Federal Rule of Civil Procedure 4(m) requires that the complaint be dismissed without prejudice, and further detailed how proof of service is to be made to the Court. *Id.* Finally, the Court directed the plaintiff to file, by May 22, 2014: "(1) proof of service or a motion requesting 'that service be made by a United States marshal or deputy marshal,' see FED. R. CIV. P. 4(c)(3); (2) a motion for extension of time to serve the defendant; and (3) a statement setting forth good cause why this action should not be dismissed for failure to prosecute." *Id.* The plaintiff has not responded. [1]

Federal Rule of Civil Procedure 4(m) states: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Local Civil Rule 83.23 further provides that "[a] dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion." Pursuant to these rules, courts may *sua sponte* dismiss an action where the plaintiff has failed to comply with Rule 4(m). *See Paul v. Didizian*, No. 13-7132, 2014 WL 590628, at *1 (D.C. Cir. Feb. 7, 2014) (affirming district court's dismissal without prejudice of plaintiff's claims "for failure to properly effect service of process"); *Pellegrin & Levine, Chartered v. Antoine*, 961 F.2d 277, 282–83 (D.C. Cir. 1992) (affirming district court's *sua sponte* dismissal of plaintiff's suit where plaintiff failed to show "good cause" for failure to

---

[1] The plaintiff, who has identified herself in the Complaint and in her Motion for Approval to File Electronically, ECF No. 3, as a lawyer, was granted at her request, a CM/ECF password and, consequently, is "responsible for monitoring [her] e-mail accounts, and, upon receipt of notice of an electronic filing, for retrieving the noticed filing." D.D.C. Local Rule 5.4(b)(6). Nevertheless, in excess of caution, copies of the Court's orders were also mailed to the plaintiff. *See* December 2, 2013 Staff Notes; March 24, 2014 Staff Notes; May 8, 2014 Staff Notes.

serve defendant within 120 days of filing the complaint); *Kopff v. Battaglia*, 425 F. Supp. 2d 76, 80 (D.D.C. 2006) (dismissing claims against ten defendants without prejudice where plaintiff did not file proof of service). "A 'lengthy period of inactivity' may justify dismissal 'particularly . . . if the plaintiff has been previously warned that he must act with more diligence, or if he has failed to obey the rules or court orders, or if he has no excuse for the delay, or if there are other factors aggravating the inaction.'" *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 776 (D.C. Cir. 2012), *cert. denied*, 133 S. Ct. 851 (2013) (citing *Smith–Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988)).

Although *pro se* litigants are given "more latitude" than those who are represented by counsel, *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876–77 (D.C. Cir. 1993) (allowing *pro se* litigant opportunity to perfect service where litigant had made two attempts to serve defendants and defendants were already aware of the suit); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers"), courts have nonetheless dismissed without prejudice suits brought by *pro se* litigants where the plaintiff has "fail[ed] to produce evidence of having served [] defendants and [] made no effort to show good cause for his failure to comply with the court's order" extending the time to perfect service, *see Hilska v. Jones*, 297 F. Supp. 2d 82, 90 (D.D.C. 2003) (dismissing without prejudice suit where *pro se* plaintiff "had well beyond the 120 days provided him under the federal rules to perfect service on these defendants or to show good cause for failing to do so" and did not comply with the extended deadline).

The plaintiff, who is an attorney, is a sophisticated *pro se* litigant, having practiced law for several years, Compl. ¶¶ 47, 56–57, and obtained a CM/ECF password for the purposes of litigating the instant suit, *see* March 21, 2014 Minute Order. Since filing the complaint, the

plaintiff has had 190 days to file proof of service but has not done so. The Court has twice extended the deadline to file proof of service. *See* March 21, 2014 Minute Order; Order to Show Cause. The Court has also issued an order to show cause warning the plaintiff that her case may be subject to dismissal, directing her to file proof of service within fourteen days, and informing the plaintiff that, in lieu of serving the defendant, she could move to request "that service be made by a United States marshal or deputy marshal," pursuant to Federal Rule of Civil Procedure 4(c)(3). Order to Show Cause; *cf. Angellino*, 688 F.3d at 778 (reversing district court's dismissal of *pro se* litigant's suit for failure to serve process in part because "the court never explained to [plaintiff] the alternative means by which he could attempt service"). The plaintiff has not responded to the Court's order to show cause. The plaintiff's inaction justifies dismissal without prejudice given that "the plaintiff has been previously warned that [s]he must act with more diligence, . . . has failed to obey the rules or court orders, . . . [and] has no excuse for the delay." *Angellino*, 688 F.3d at 776, 777 (finding that *pro se* litigant's failure to serve process "was not a result of 'inactivity'" because the plaintiff twice attempted to serve process "within two weeks of filing his complaint" and "promptly responded" to the court's orders to show cause why the action should not be dismissed for failure to prosecute). In light of these circumstances, the plaintiff's complaint is dismissed without prejudice.

      An order consistent with this Memorandum Opinion will be entered.

**DATED:** May 29, 2014

_____
BERYL A. HOWELL
United States District Judge