**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|                                              |                                                            |
|----------------------------------------------|------------------------------------------------------------|
| LA VEEDA GARLINGTON,                         |                                                            |
|            Plaintiff,                        |                                                            |
|            v.                                | Civil Action No. 13-01840 (BAH)<br>Judge Beryl A. Howell   |
| DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY, |                                                         |
|            Defendant.                        |                                                            |

**MEMORANDUM OPINION**

Courts allow leeway to parties proceeding *pro se* to ensure access to the judicial system even for those persons who lack an understanding of the procedural and substantive requirements of litigation. *See Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings.")); *Childers v. Slater*, 197 F.R.D. 185, 188 (D.D.C. 2000) (noting that "*pro se* litigants generally are entitled to wider latitude than those who are represented by counsel"). Nevertheless, even for unsophisticated, untrained plaintiffs, courts require adherence to the Federal Rules of Civil Procedure. *See Moore*, 994 F.2d at 876. In this case, the *pro se* plaintiff is a seasoned lawyer, who is currently working as a lawyer, has litigated in federal court, and is therefore familiar with the Federal Rules of Civil Procedure. *See* Pl.'s Compl. ¶¶ 4, 47, 56–57, ECF No. 1; Pl.'s Mot. for CM/ECF Password, ECF No. 3; Decl. of La Veeda Garlington ("Garlington Decl.") ¶ 10, ECF No. 8. Since the plaintiff filed her complaint over seven months ago, *see generally* Compl. (filed November 20, 2013), despite her sophistication in litigation, the plaintiff has failed to

1

execute the most fundamental requirement of initiating a lawsuit, *i.e.*, serving the defendant. Moreover, the plaintiff has failed to comply with three Court-ordered deadlines. *See* March 21, 2014 Minute Order; Order to Show Cause, ECF No. 5; June 4, 2014 Minute Order. As the following summary of the procedural background of this suit makes clear, this case is a prime example of why the local rules authorize courts, *sua sponte*, to dismiss an action for failure to prosecute. *See* D.D.C. Local Rule 83.23; *see also Peterson v. Archstone Cmtys. LLC,* 637 F.3d 416, 418 (D.C. Cir. 2011) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).

## BACKGROUND

The plaintiff initiated this lawsuit on November 20, 2013, following her termination by the District of Columbia Water and Sewer Authority, where she had worked as Principal Counsel for approximately two years. Compl. ¶¶ 4, 36. She alleges that her termination was the result of discrimination on the basis of her race and sex under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, Compl. ¶¶ 4, 20–46, and retaliation under Title VII, *id.* ¶¶ 68–88, and the District of Columbia Whistleblower Protection Act ("DCWPA"), D.C. Code § 1–615.51 *et seq.,* Compl. ¶¶ 47–67. The 120 days for service of the summons and complaint expired on March 20, 2014. On the final day the plaintiff was required to serve the defendant, she filed a Motion for Extension of Time to Serve Complaint ("Pl.'s Mot. Ext. Time"), ECF No. 4. The Court granted the plaintiff's motion *nunc pro tunc* on March 21, 2014, providing the plaintiff an additional forty-five days to serve the defendant and file proof of service, per the plaintiff's request in her motion. *See* March 21, 2014 Minute Order; *see also* Pl.'s Mot. Ext. Time at 1. After the Court-ordered deadline for serving the defendant had elapsed with no filings from the plaintiff demonstrating that service had been effectuated or seeking a second

2

extension of time to complete service, the Court issued an Order to Show Cause directing the plaintiff to file, by May 22, 2014: "(1) proof of service or a motion requesting 'that service be made by a United States marshal or deputy marshal,' *see* FED. R. CIV. P. 4(c)(3); (2) a motion for extension of time to serve the defendant; and (3) a statement setting forth good cause why this action should not be dismissed for failure to prosecute, pursuant to Local Civil Rule 83.23." *See* Order To Show Cause. Despite the clear caution in the Order that the plaintiff risked dismissal of the lawsuit by ignoring the extended deadline, the plaintiff failed to file any response.

Consequently, on May 29, 2014, the Court dismissed the plaintiff's suit without prejudice. *See Garlington v. D.C. Water & Sewer Auth.*, No. 13-1840, 2014 WL 2217951, at *2 (D.D.C. May 29, 2014). The Court explained that "[s]ince filing the complaint, the plaintiff," who is an attorney, "has had 190 days to file proof of service but has not done so," and "has not responded to the Court's order to show cause" despite having been warned that "[s]he must act with more diligence, . . . has failed to obey the rules or court orders, . . . [and] has no excuse for the delay." *Garlington*, 2014 WL 2217951, at *2 (citing *Angellino v. Royal Family Al-Saud*, 688 F.3d 771, 776 (D.C. Cir. 2012), *cert. denied*, 133 S. Ct. 851 (2013)).

The day after the Court entered its Memorandum Opinion and Order dismissing plaintiff's suit, the plaintiff filed a motion "seeking the court's indulgence to permit the case to go forward and to extend time to file an Amended Complaint and Proof of Service." Pl.'s Mot. & Decl. L. Garlington Opposing Dismissal for Failure to Prosecute ("Pl.'s Mot. Reconsideration") at 1, ECF No. 8. Attached to the motion was the plaintiff's declaration attesting that: (1) due to her "grueling schedule" as a contract attorney she misread some of the Court's orders, which was "likely attributable to [her] extreme exhaustion," Garlington Decl. ¶¶

3

6, 11; (2) she was preoccupied dealing with "water seepage into [her] basement" following a week of heavy rain, *id.* ¶ 12; (3) she was "out of town" attending her son's graduation over "the weekend of May 10," and therefore did not immediately receive a copy of the Court's Order to Show Cause, which was entered on May 8, 2014, *id.* ¶¶ 12, 17, 19; (4) while out of town the plaintiff's two laptops and hard drive were stolen, *id.* ¶¶ 14–15; and (5) once the plaintiff received and read a paper copy of the Court's Order to Show Cause on May 15, 2014, the plaintiff overlooked the May 22, 2014 deadline for filing a response as her "head began spinning" and she "was on sensory overload," *id.* ¶ 20. The plaintiff "assure[d] the Court that if allowed to proceed, [she] will adhere to Court Rules . . . [and] will do what is necessary to be compliant." *Id.* ¶ 29. The plaintiff, who moved for and received a CM/ECF password for the purposes of litigating this suit, does not explain why she failed to note the Court's order when she received an electronic notification that the order was entered on May 8, 2014, two days before the plaintiff was "out of town." *See id.* ¶¶ 12, 17; March 21, 2014 Minute Order (granting the plaintiff's motion for CM/ECF password); D.D.C. Local Rule 5.4(d)(2) (stating that "automatic notice of filing [is] sent by the CM/ECF software to counsel or pro se parties who have obtained CM/ECF passwords").

Nevertheless, in light of the plaintiff's declaration, the Court granted the plaintiff's Motion for Reconsideration and directed the plaintiff to "file proof of service demonstrating that the defendant was served within 120 days of the date the complaint was filed" by June 16, 2014. *See* June 4, 2014 Minute Order. The plaintiff, yet again, has not filed a response by filing proof of service or requesting additional time to serve the defendant.

## DISCUSSION

The Supreme Court has recognized "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Brooks v. Fulwood*, No. 13-0273, 2013 WL 941960, at *1 (D.D.C. Mar. 12, 2013) (citing *MBI Grp., Inc. v. Credit Foncier du Cameroun,* No. 07–0637, 2009 WL 8731182, at *1 (D.D.C. March 23, 2009) ("Courts have inherent power to manage their dockets efficiently[.]")). Consequently, the Local Civil Rules of this Court provide that "[a] dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion." D.D.C. Local Rule 83.23. Unlike the local rules, which grant discretionary authority to dismiss a case for failure to prosecute, the Federal Rules of Civil Procedure mandate that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m) (emphasis added). When the plaintiff "shows good cause for the failure" to serve the defendant in a timely manner, "the court must extend the time for service for an appropriate period." *Id.* The Federal Rules further provide that "[u]nless service is waived, proof of service must be made to the court," which "must be by the server's affidavit" unless service is made by a United States marshal or deputy marshal. *See* FED. R. CIV. P. 4(1)(1); *see also* D.D.C. Local Civil Rule ("LCvR") 5.3.

With respect to litigants who are not represented by counsel, as noted in the Court's prior opinion dismissing the plaintiff's suit for failure to file service of process, *pro se* litigants are

5

afforded "more latitude than those who are represented by counsel." *Garlington*, 2014 WL 2217951, at *2 (citing *Moore,* 994 F.2d at 876–77). Yet, a plaintiff's *pro se* status "does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure," *Moore*, 994 F.2d at 876 (quoting *Jarrell v. Tisch,* 656 F. Supp. 237, 239 (D.D.C. 1987)), or to disregard completely court orders, *see Angellino*, 688 F.3d at 775 ("The law is clear that '[d]istrict courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order.'" (quoting *Peterson,* 637 F.3d at 418); *McGowan v. Cantrell*, No. 1:05-cv-334, 2010 WL 446914, at *1 (E.D. Tenn. Feb. 2, 2010) (noting that "*pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law" (citing *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); and *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981)). "A district court need not tolerate defiance of reasonable orders." *Ran v. Cook*, No. 1:07-cv-00249, 2010 WL 3489923, at *1 (N.D. Fla. Aug. 30, 2010) (quoting *Equity Lifestyle Props., Inc. v. Fl. Mowing And Landscape Serv., Inc.,* 556 F.3d 1232, 1241 (11th Cir. 2009)); *see also Bloem v. Unknown Dep't of the Interior Emps.*, No. 11-2155, 2014 WL 946185, at *5 (D.D.C. Mar. 12, 2014) (recognizing that despite the wide latitude given to *pro se* plaintiffs, "[t]his goodwill is exhaustible . . . where litigants have had notice and opportunity to correct defects." (citing *Mann v. Castiel*, 681 F.3d 368, 377 (D.C. Cir. 2012)).

Consequently, as with litigants who are represented by counsel, courts have dismissed actions brought by *pro se* litigants for failure to file proof of service demonstrating that the defendant has been timely served. *See Mann*, 681 F.3d at 377 (affirming district court's dismissal, without prejudice, of *pro se* plaintiff's claim for failure to serve process); *Bloem*, 2014

6

WL 946185, at *5; *Hilska v. Jones,* 297 F. Supp. 2d 82, 90 (D.D.C. 2003) (dismissing, without prejudice, suit where *pro se* plaintiff never complied with extended deadline to serve defendants). Courts have similarly dismissed actions by *pro se* litigants for failure to comply with court orders. *See Holston v. Vance-Cooks*, No. 12-cv-1536, 2013 WL 5912475 (D.D.C. Nov. 5, 2013) (dismissing suit "In light of [plaintiff]'s repeated failure to respond to the Court's orders or in any way move forward on this case"); *Ran*, 2010 WL 3489923, at *2 (dismissing with prejudice *pro se* plaintiff's suit where court had "no reason to believe that future orders would change Plaintiff's vexatious and evasive conduct" after "[s]uccessive and increasingly-specific court orders mandating Plaintiff's conduct in discovery [were] tried for months and [] failed to produce appropriate behavior").

In the instant case, dismissal of this suit is justified for five reasons: First, the plaintiff has failed to comply with Federal Rule of Civil Procedure 4(m), which requires dismissal of a suit where the plaintiff has not timely served the defendant within 120 days of filing suit or within the time specified by the court. FED. R. CIV. P. 4(m). Despite the grant of an extension of time to serve the defendant, the plaintiff failed to do so. After the extended deadline for service of process had passed, the Court informed the plaintiff in the Order to Show Cause that she could move to have the defendant served by a U.S. Marshal or deputy marshal, yet the plaintiff has filed no such motion. *See* Order to Show Cause.

Nor has the plaintiff otherwise shown "good cause for the failure" to serve the defendant such that "the court must extend the time for service." FED. R. CIV. P. 4(m). "The plaintiff[] bear[s] the burden of showing good cause if [she seeks] a time extension." *Mann v. Castiel*, 729 F. Supp. 2d 191, 196 (D.D.C. 2010) *aff'd*, 681 F.3d 368 (D.C. Cir. 2012) (citing *Strong–Fischer*

*v. Peters,* 554 F. Supp. 2d 19, 23 (D.D.C. 2008)). To "establish good cause, the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *U.S. ex rel. Cody v. Computer Sciences Corp.*, 246 F.R.D. 22, 27 (D.D.C. 2007) (quoting *Scott v. Cypress Creek Emergency Med. Servs.,* No. 06–1436, 2007 WL 2209268, at *7 (S.D. Tex. July 27, 2007)); *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004) ("Mistake of counsel or ignorance of the rules of procedure usually does not suffice to establish good cause." (quoting *Taylor v. Stanley Works*, No. 4:01-120, 2002 WL 32058966, at *6 (E.D. Tenn. July 16, 2002)); *see also Colston v. First Guarantee Commercial Mortgage Corp.*, 665 F. Supp. 2d 5, 10 (D.D.C. 2009) (plaintiff failed to establish good cause where counsel "knew he had to serve [a party] to effect service of process" and "despite that knowledge, [] never served the" party). While the plaintiff has indicated the reasons for her failure to respond to the Court's Order to Show Cause in her declaration, which was filed 191 days after she filed suit, she has not indicated any reason, other than the demands of her employment as a contract attorney, for her failure to serve the defendant. It appears, from the plaintiff's declaration, that she is not incarcerated, destitute, or incapacitated. In light of her declaration, it does not appear that the plaintiff is unable to serve the defendant, only that she is too preoccupied with work to do so. *See Bloem*, 2014 WL 946185, at *5 (dismissing *pro se* plaintiff's suit for failing to serve defendant because "while it is true that service might yet be obtained, [plaintiff']s repeated failures to do so under the circumstances render that prospect unreasonable."). The plaintiff's work obligations, which apparently ended on May 2, 2014, see Garlington Decl. ¶ 12, are not sufficient to establish good cause.

8

Second, the plaintiff has engaged in a pattern of dilatory conduct, having disregarded three court-ordered deadlines issued in order to ensure the plaintiff's compliance with Rule 4(m), and disregarded the Court's warning that failure to respond could result in dismissal of the case. *See* March 21, 2014 Minute Order (granting the plaintiff additional time to serve the complaint and directing her to file proof of service by May 5, 2014); Order to Show Cause (entered May 8, 2014, directing the plaintiff to show cause why she failed to file proof of service and alerting the plaintiff that Rule 4(m) requires dismissal absent proof of service); June 4, 2014 Minute Order (directing the plaintiff to file proof of service by June 16, 2014). Notably, even after this Court dismissed the plaintiff's suit and subsequently granted the plaintiff's motion for reconsideration and re-opened the case, the plaintiff still disregarded the deadline set in the Court's June 4, 2014 Minute Order directing the plaintiff to file proof of service by June 16, 2014. *See* June 4, 2014 Minute Order.[1] *See* D.D.C. Local Rule 83.23; *see also English-Speaking Union v. Johnson*, 353 F.3d 1013, 1022 (D.C. Cir. 2004) (noting that courts may consider whether "failure to file on time [was] part of a pattern of negligent or willful disregard of court orders" in evaluating whether *sua sponte* dismissal is merited); *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990) ("[A] district court may dismiss an action on its own motion because of a party's failure to comply with court orders designed to ensure orderly prosecution of the case." (citing *Link,* 370 U.S. at 633); *Holston*, 2013 WL 5912475, at *1 (recognizing a district court's power to "dismiss a case *sua sponte* for a plaintiff's failure to prosecute or otherwise comply with a court order" even when the plaintiff is *pro se* (quoting *Angellino,* 688 F.3d at 775)); *Lockhart v. Coastal Int'l Sec., Inc.*, 905 F. Supp. 2d 105, 113–14 (D.D.C. 2012) ("Misconduct

---

[1] The plaintiff not only automatically receives electronic notifications of all filings in this suit by virtue of her CM/ECF account and password, but she was additionally mailed a paper copy of the Court's June 4, 2014 Minute Order directing the plaintiff to file proof of service by June 16, 2014. *See* June 4, 2014 Staff Notes.

warranting dismissal can arise when a plaintiff repeatedly fails to heed or conspicuously disregards clear instructions to take certain steps[.]").

Third, the plaintiff, although proceeding *pro se*, is "a law-trained individual, unlike the unsophisticated *pro se* litigant, [therefore] can be presumed to have some acquaintance with the rules of the judicial process and the consequences risked by their infringement." *Bristol Petroleum Corp.*, 901 F.2d at 168; *see also Mann*, 681 F.3d at 377 (affirming district court's dismissal of *pro se* litigants' claim for failure to serve defendant in part because they appeared to be "businessmen with extensive litigation experience, one of whom had formal legal training[.]").

Fourth, the plaintiff's disinterest in prosecuting her own case and disregard for the Court's orders, necessitating repeated orders directing the plaintiff to comply with Rule 4(m) and D.D.C. LCvR 83.23, has diverted judicial resources and attention from other pending litigation brought by parties who, unlike the plaintiff, are "willing to [litigate their] case in a manner that complies with procedural rules[.]" *Brown v. Walker*, No. 1:06-CV-218, 2009 WL 3242100, at *4 (N.D. Ind. Sept. 30, 2009); *see also English-Speaking Union*, 353 F.3d at 1022 (noting that upon consideration of *sua sponte* dismissal, courts may evaluate whether "the failure to file adversely affect[s] the court's docket or prejudice[s] other parties"); *Bristol Petroleum Corp.*, 901 F.2d at 167 (recognizing "that if district court judges are to discharge their heavy case processing responsibilities effectively, 'their power to dismiss . . . must be more than theoretical.'" (quoting *Automated Datatron, Inc. v. Woodcock*, 659 F.2d 1168, 1170 (D.C. Cir. 1981)); *Lockhart*, 905 F. Supp. 2d at 113–14 (dismissal may be warranted where a plaintiff fails to abide by court orders "thereby frustrating the ability of the district court to discharge the

responsibility of controlling its docket efficiently and to ensure compliance with judicial orders.").

Finally, dismissal is warranted as a deterrence to other litigants who fail to abide by court-ordered deadlines. As the Supreme Court noted, "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (cited in *Klayman v. Judicial Watch, Inc.*, 802 F. Supp. 2d 137, 147 (D.D.C. 2011)).

In *Peterson v. Archstone Communities LLC*, the D.C. Circuit vacated a district court's dismissal of a suit where the plaintiff, who was *pro se*, failed to appear at a motions hearing. 637 F.3d at 418. The Circuit ruled that because the district court did not: "identify any prior instance of misconduct;" find that the plaintiff had violated the Federal Rules of Civil Procedure or the court's rules or procedures; or consider the "lesser alternative of simply warning [the plaintiff] that any future failure to appear would result in dismissal," dismissal of the plaintiff's suit was not warranted. *Id.* at 418–19. By contrast, in the instant case, the plaintiff has, on no less than three occasions, failed to comply with the court's orders and has not complied with Federal Rule of Civil Procedure 4 requiring the plaintiff to serve the defendant by a date certain and to file proof of service with the Court. Moreover, this Court warned the plaintiff that, absent service of process, her suit could be dismissed under Rule 4(m), and informed her that instead of serving the defendant, she could move to have "service be made by a United States marshal or deputy marshal" under Rule 4(c)(3). Order to Show Cause at 1–2. The plaintiff did not respond to the

11

Court's Order. *Cf. Angellino*, 688 F.3d at 777–78 (holding that dismissal of *pro se* plaintiff's suit was error where plaintiff "promptly responded" to Court's orders to show cause, and court never warned plaintiff that failure to serve could result in dismissal or provided the plaintiff alternative means to perfect service). The plaintiff has displayed a "pattern of negligent or willful disregard of court orders," *English-Speaking Union*, 353 F.3d at 1022, and has failed to litigate her case even after constant prodding by this Court. Despite the plaintiff's assurances in her motion for reconsideration "that if allowed to proceed, [she] will adhere to Court Rules . . . [and] will do what is necessary to be compliant," Pl.'s Mot. Reconsideration ¶ 29, she has not done so. Consequently, the Court dismisses this case, for a second time, pursuant to Federal Rule of Civil Procedure 4(m) and D.D.C. LCvR 83.23.

## CONCLUSION

For the aforementioned reasons, the plaintiff's suit is dismissed without prejudice. An appropriate order accompanies this Memorandum Opinion.

Date: July 1, 2014

_____
BERYL A. HOWELL
United States District Judge